UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14011-CR-ROSENBERG/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CAMERON DVAUGHNTE ANCRUM,

    Defendant.
_____/

REPORT AND RECOMMENDATION ON
THE DEFENDANT'S ADMISSION TO VIOLATION NUMBERS 3 AND 4

Having conducted a hearing in this matter, I recommend as follows:

1. A Petition for Warrant or Summons for Offender Under Supervision (the "Petition") was filed in this case on January 29, 2024. DE 45.

2. The Defendant appeared before me on July 1, 2024 for a hearing on the violations alleged in the Petition. The Defendant indicated that he wished to admit Violation Numbers 3 and 4. Violation Number 3 charges the Defendant with violation of a mandatory condition by failing to refrain from violation of the law. It is alleged that on January 25, 2024, in Highlands County, Florida, the Defendant committed the offense of resisting/obstructing officer without violence, contrary to Florida Statute § 843.02. Violation Number 4 charges the Defendant with violation of a standard condition by failing to work full time (at least 30 hours per week) at a lawful type of employment unless excused by the probation officer.

3. The Government agreed to recommend dismissal of Violation Numbers 1 and 2 after sentencing.

4. I advised the Defendant of his right to have the District Judge assigned to this case accept his admission. I advised that I was conducting the hearing at the request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case. I advised that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence, and will schedule and conduct the Sentencing Hearing. I advised the Defendant that he did not have to permit me to conduct this hearing but could request a United States District Judge to take his admission instead. The Defendant consented and agreed on the record to have a United States Magistrate Judge accept his admission.

5. The Defendant admitted Violation Numbers 3 and 4 as set forth in the Petition.

6. The possible maximum penalties faced by the Defendant were read into the record by the Government. The Defendant stated that he understood those penalties.

7. I questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing. The Defendant acknowledged that he understood his rights in that regard and further understands that if his admission is accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition of this matter.

8. The Government proffered facts supporting the Defendant's admissions to Violation Numbers 3 and 4. The Defendant admitted the facts as stated by the Government are true. Having heard the Government's proffer and the Defendant's admission thereto, I find that there is a sufficient factual basis to support the Defendant's admission to Violation Numbers 3 and 4.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, I recommend to the District Court that the Defendant be found to have violated the terms and conditions of his

supervised release as set forth in Violation Numbers 3 and 4, and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Robin L. Rosenberg, United States District Judge for the Southern District of Florida.  Pursuant to Federal Rule of Criminal Procedure 59(b)(2), failure to file a timely objection to this Report and Recommendation waives the party's right to review, and it bars the party from attacking on appeal any legal rulings or fact findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 1st day of July, 2024.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE